UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIQUE SINGLETARY, *on behalf of herself and all persons similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>G6 HOSPITALITY LLC, MOTEL 6 OPERATING L.P., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  3:20-cv-00270-LAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO CONTINUE EARLY NEUTRAL EVALUATION ("ENE") AND CASE MANAGEMENT CONFERENCE ("CMC");**<br><br>**(2) CONTINUING ENE; and**<br><br>**(3) MODIFYING CMC TO BE TELEPHONIC**<br><br>**[ECF No. 17]** |

This matter comes before the Court on the parties' Joint Motion to Continue the Early Neutral Evaluation Conference ("ENE"), Case Management Conference ("CMC"), and Corresponding Deadlines, filed on July 7, 2020. ECF No. 17. For the reasons that follow, the Court (1) **GRANTS** the request to continue the ENE; (2) **RESETS** the ENE for <u>**October 6, 2020**</u> at **2:00 p.m.** to take place via videoconference; (3) **DENIES** the request to continue the CMC; and (4) **MODIFIES** the CMC to take place telephonically.

On February 18, 2020, the Court initially scheduled the ENE and CMC to take place on April 8, 2020 before the Hon. Allison H. Goddard. ECF No. 10. On March 30, 2020, the Court granted the parties' Joint Motion (ECF No. 12) to continue the ENE and CMC, because they had scheduled a private mediation before the Hon. Peter D. Lichtman (Ret.) for June 24, 2020. ECF No. 14. The Court reset the ENE and CMC for July 16, 2020 at 2:00 p.m., and required the parties to exchange certain discovery in accordance with their Joint Mediation Plan by May 27, 2020. *Id*.

In the present motion, the parties seek a second continuance of the ENE and CMC until October. ECF No. 17 at 3. In support, the parties explain that they have rescheduled the private mediation before Judge Lichtman for September 22, 2020, in order to give Defendants sufficient time to file a cross-complaint against third party InfoMart, Inc., and because the parties recently learned new information during the parties' informal pre-mediation discovery exchange. *Id.* at 2. Accordingly, the parties contend that continuing the ENE and CMC "will allow Defendants to file and serve their cross-claim against InfoMart, as well as allow the parties, including InfoMart, a meaningful opportunity to informally exchange information and documents to settle this matter without the burden or expense of exchanging formal discovery, appearing at an ENE, or engaging judicial resources." *Id.* at 2-3.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 10 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the Court finds the parties have shown good cause to continue the ENE, so that Defendants have an opportunity to file their intended cross-complaint and the parties are able to pursue private mediation before engaging in the Court process. Accordingly, the motion to continue the ENE is **GRANTED**.

The ENE is **CONTINUED** to **October 6, 2020** at **2:00 p.m.** and will take place via **videoconference**. The Court issues the following **Mandatory Procedures** to be followed in preparation for the ENE:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

3. **Confidential ENE Statements Required:** No later than **October 1, 2020**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's

ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

    C.    position regarding settlement of the case with a **specific**[1] **demand/offer for settlement**,[2] and

    D.    any previous settlement negotiations or mediation efforts.

4. **<u>Appearances via Videoconference Required:</u>** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants

---

[1] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[2] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

[3] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[4] There is a cost-free option for creating a Zoom account.

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[5] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

---

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[5] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

5

E. No later than **October 1, 2020**, counsel for each party shall send an e-mailto the Court at efile_goddard@casd.uscourts.gov containing the following:

    i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

    iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a

|   |   |   |
|---|---|---|
| 1 | | participant's device, each participant should ensure that their device is |
| 2 | | plugged in or that a charging cable is readily available during the video |
| 3 | | conference. |
| 4 | 5. | **Requests for Continuances:** Requests to continue ENEs are rarely granted. |

An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:

      A.    The original date;

      B.    The number of previous requests for continuances;

      C.    A showing of good cause for the request;

      D.    Whether the request is opposed and why;

      E.    Whether the requested continuance will affect other case management dates; and

      F.    A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

However, the parties have not shown good cause to continue the CMC. Defendants initially removed this case and filed an answer on February 13, 2020. ECF Nos. 1, 2. Ordinarily, Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer, and the CMC must take place within 30 days thereafter. While the Court recognizes that compelling circumstances warrant a delay of the ENE in this case, the Court's interest in docket efficiency strongly counsels against delaying the commencement of formal discovery until eight months after the case was filed. Moreover, initiating formal discovery may facilitate the parties' early settlement efforts.

Therefore, the Court **DENIES** the request to continue the CMC. However, the Court will not require the parties to appear in person for the CMC, and instead **CONVERTS** the CMC to be telephonic. Counsel shall call the chambers teleconference line at

**1-877-873-8018** and use **8367902** as the access code to attend the CMC on the previously scheduled date and time of **July 16, 2020** at **2:00 p.m.** Client participation at the Telephonic CMC is not required or expected.

  **IT IS SO ORDERED.**

Dated:  July 10, 2020

                *Allison H. Goddard*
                Honorable Allison H. Goddard
                United States Magistrate Judge