1   **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858) 551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiffs

7

8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  ANGELIQUE SINGLETARY and           Case No. 3:20-cv-00270-LAB-AHG
    IYANA BLACKWELL, individuals,
12  on behalf of themselves, and on     **FIRST AMENDED CLASS ACTION**
    behalf of all persons similarly     **COMPLAINT FOR:**
13  situated,
                                        1.  VIOLATION OF THE FAIR
14                                      CREDIT REPORTING ACT FOR
              Plaintiffs,               FAILURE TO MAKE PROPER
15                                      DISCLOSURES [15 U.S.C. § 1681, *et*
    vs.                                 *seq.*];
16                                      2.  VIOLATION OF THE FAIR
                                        CREDIT REPORTING ACT FOR
17  G6 HOSPITALITY LLC, a Limited       FAILURE TO OBTAIN PROPER
    Liability Company; MOTEL 6          AUTHORIZATION [15 U.S.C. § 1681,
18  OPERATING L.P., a Limited           *et seq.*];
    Partnership; and Does 1 through 50, 3.  VIOLATION OF THE
19  Inclusive,                          INVESTIGATIVE CONSUMER
                                        REPORTING AGENCIES ACT FOR
20            Defendants.               FAILURE TO MAKE PROPER
                                        DISCLOSURES [California Civil Code
21                                      § 1786, *et seq.*];
                                        4.  VIOLATION OF THE CONSUMER
22                                      CREDIT REPORTING AGENCIES
                                        ACT FOR FAILURE TO OBTAIN
23                                      PROPER DISCLOSURES [California
                                        Civil Code § 1785, *et seq.*]; and,
24                                      5.  UNFAIR COMPETITION IN
                                        VIOLATION OF CAL. BUS. & PROF.
25                                      CODE §§ 17200, *et seq.*

26                                      **DEMAND FOR A JURY TRIAL**

27

28

Plaintiffs Angelique Singletary ("PLAINTIFF SINGLETARY") and Iyana Blackwell ("PLAINTIFF BLACKWELL"), (collectively "PLAINTIFFS"), on behalf of themselves and all others similarly situated, allege on information and belief, except for their own acts and knowledge, the following:

## THE PARTIES

1.    Defendant G6 Hospitality LLC is a Limited Liability Company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the state of California.

2.    Defendant Motel 6 Operating L.P. is a Limited Partnership and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the state of California.

3.    Defendant G6 Hospitality LLC is the parent company of Defendant Motel 6 Operating L.P..

4.    Defendant Motel 6 Operating L.P. owns, operates, and franchises a chain of hotels throughout the state of California.

5.    Defendants G6 Hospitality LLC and Motel 6 Operating L.P. were the joint employers of PLAINTIFFS as evidenced by paychecks, employment records, and by the company PLAINTIFFS performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as DEFENDANT.

6.    PLAINTIFF SINGLETARY sought employment with DEFENDANT in December of 2017.  During the application process PLAINTIFF SINGLETARY executed a background check disclosure and authorization form permitting DEFENDANT to obtain a consumer report and conduct a background check on PLAINTIFF SINGLETARY.

7.    PLAINTIFF BLACKWELL sought employment with DEFENDANT in February of 2019. During the application process PLAINTIFF BLACKWELL executed

a background check disclosure and authorization form permitting DEFENDANT to obtain a consumer report and conduct a background check on PLAINTIFF BLACKWELL.

8.     PLAINTIFFS bring this Class Action on behalf of themselves and a nationwide class, defined as all persons in the United States who executed DEFENDANT's standard FCRA background check disclosure form that included additional state law notices (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD"). The amount in controversy for the aggregate claim of FCRA CLASS Members is under five million dollars ($5,000,000.00).

9.     PLAINTIFFS also bring this Class Action on behalf of themselves and a California class, defined as all persons in California who executed DEFENDANT's standard background check disclosure form that included additional state law notices (the  "ICRAA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "ICRAA CLASS PERIOD"). The amount in controversy for the aggregate claim of ICRAA CLASS Members is under five million dollars ($5,000,000.00).

10.     PLAINTIFFS also brings this Class Action on behalf of themselves and a California class, defined as all persons in California who executed DEFENDANT's standard background check disclosure form that were not provided a valid written notice compliant with the terms of Cal. Civ. Code § 1785.20.5(a) (the "CCRAA Class") at any time during the period beginning seven (7) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CCRAA CLASS PERIOD"). The amount in controversy for the aggregate claim of CCRAA CLASS Members is under five million dollars ($5,000,000.00).

11.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

presently unknown to the PLAINTIFFS who therefore sue these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

12.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFFS and the other members of the FCRA CLASS, ICRAA CLASS, and CCRAA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## **NATURE OF THE ACTION**

13.    The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA"), Investigative Consumer Reporting Agencies Act Cal. Civ. Code § 1786, *et seq.* ("ICRAA"), and the Consumer Credit Reporting Agencies Act Cal. Civ. Code § 1785, *et seq.* ("CCRAA"), provide individuals with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA, ICRAA, and CCRAA provide that a prospective employee must give valid consent to the background check. The FCRA, ICRAA, and CCRAA require a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or

conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. *The authorization and disclosure must stand alone*.

14. In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), Cal. Civ. Code § 1786.16(a)(2), and Cal. Civ. Code § 1785.20.5(a), DEFENDANT has unlawfully inserted extraneous language, including but not limited to, additional state law notices that do not relate to the Fair Credit Reporting Act, as well as extraneous language that does not relate to the ICRRA and CCRAA. DEFENDANT included the additional state law notices and extraneous language into its form purporting to grant DEFENDANT and its third-party background checking company the authority to obtain and use consumer report information for employment purposes. The FCRA, ICRAA, and CCRAA prohibit this practice and require that the form granting the authority to access and use consumer report information for employment purposes be a stand alone form, and not include any additional information or agreements. DEFENDANT's form is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC"), ICRAA, and CCRAA.

15. In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) , Cal. Civ. Code § 1786.16(a)(2), and Cal. Civ. Code § 1785.20.5(a), DEFENDANT has obtained consumer reports without proper authorization because the authorization and disclosure form signed by PLAINTIFFS and other members of the FCRA CLASS, ICRAA CLASS, and CCRAA CLASS failed to comply with the requirements of the FCRA, ICRAA, and CCRAA. The inclusion of, including but not limited to, additional state law notices and other extraneous language in DEFENDANT's disclosure and authorization form invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000, and under the ICRAA in the amount of $10,000, for each applicant that DEFENDANT obtained a consumer report without a facially valid authorization or proper disclosures, as well as actual damages, punitive damages, equitable relief, and attorneys' fees and costs.

# FACTUAL ALLEGATIONS

16.    PLAINTIFF SINGLETARY applied to work for DEFENDANT in December of 2017.  PLAINTIFF BLACKWELL applied to work for DEFENDANT in February 2019.   In connection with PLAINTIFFS' employment application with DEFENDANT, PLAINTIFFS completed DEFENDANT's standard background check form.    PLAINTIFFS were confused by the additional state law notices in DEFENDANT's standard background check form and would not have signed it had it contained a clear disclosure as required by law.  Following PLAINTIFFS' completion of the background check form, DEFENDANT conducted a background check on PLAINTIFFS.  PLAINTIFFS only discovered DEFENDANT's violations when they obtained and reviewed their personnel files from DEFENDANT and discovered that DEFENDANT had procured and/or caused to be procured a consumer report regarding them for employment purposes based on the illegal disclosure and authorization form. PLAINTIFFS were not aware that they were also signing and acknowledging their rights under the additional state law notices when they signed DEFENDANT's disclosure and authorization form.  PLAINTIFFS would not have signed DEFENDANT's authorization form had it contained a sufficiently clear disclosure, as required in the statute.

17.    The background check disclosure and authorization form disclosed that DEFENDANT intended to conduct a background investigation on PLAINTIFFS that would involve investigating the applicant's work record, references and education.  In addition, the form also contained number of additional state law notices.

18.    The inclusion of these state law notices in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*., ICRAA, Cal. Civ. Code § 1786, *et seq.*, and CCRAA, Cal. Civ. Code § 1785, *et seq.*.

19.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that

(ii)    a consumer report may be obtained for employment purposes; and the consumer has authorized in writing (which authorization may be made on the document referred to in clause(i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

20.    Under the ICRAA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identifies in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report

Cal. Civ. Code 1786.16(a)(2) (emphasis added).

21.    Under the CCRAA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report. . . .***

Cal. Civ. Code 1785.20.5(a) of the CCRAA (emphasis added).

22.    After PLAINTIFFS executed the background check disclosure and authorization form in December of 2017 and February of 2019, DEFENDANT obtained a consumer report on PLAINTIFFS notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA, ICRAA, and CCRAA.

23.    Although the disclosure and the authorization form required by the FCRA and ICRAA  may be combined in a single document, federal and state laws delineated herein have warned that the form should not include any extraneous information. Further, the federal and state laws delineated herein have also specifically warned that the inclusion of such extraneous information in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)],   Cal. Civ. Code § 1786.16(a)(2), and/or Cal. Civ. Code § 1785.20.5(a), which require that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

24.    By including additional state law notices and extraneous information in its background check disclosure and authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A), as well  Cal. Civ. Code § 1786.16(a)(2) and Cal. Civ. Code § 1785.20.5(a). The amount in controversy for PLAINTIFFS individually does not exceed the sum or value of $75,000.

## THE FCRA CLASS

25.    PLAINTIFFS bring the First and Second Causes of Action pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a nationwide Class, defined as all persons in the United States who executed DEFENDANT's standard FCRA background check disclosure form that included additional state law notices (the FCRA "CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and

1    ending on the date as determined by the Court (the "FCRA CLASS PERIOD"). To the

2    extent equitable tolling operates to toll claims by the  FCRA CLASS against

3    DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

4         26.     DEFENDANT, in violation of The Fair Credit Reporting Act 15 U.S.C. §

5    1681, *et seq*., intentionally, knowingly, and wilfully, engaged in a practice whereby

6    DEFENDANT unfairly, unlawfully, and deceptively instituted a practice of obtaining

7    consumer reports without valid authorization to do so.

8         27.     The FCRA CLASS is so numerous that joinder of all FCRA CLASS

9    Members is impracticable.

10        28.     DEFENDANT violated the rights of the FCRA CLASS by:

11        (a)     Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*.,

12        by unlawfully, unfairly and/or deceptively having in place company

13        policies, practices and procedures that obtained credit reports

14        without first obtaining valid authorization consent form.

15        29.     Common questions of law and fact exist as to members of the FCRA

16   CLASS, including, but not limited, to the following:

17        (a)     Whether DEFENDANT required the FCRA CLASS Members to

18        sign a background check disclosure and authorization form;

19        (b)     Whether DEFENDANT's background check disclosure and

20        authorization form complies with the Fair Credit Reporting Act 15

21        U.S.C. § 1681, *et seq*. ("FCRA");

22        (c)     Whether DEFENDANT violated the FCRA by including additional

23        state law notices in its background check disclosure and

24        authorization form;

25        (d)     Whether DEFENDANT violated the FCRA by procuring consumer

26        report information based on invalid authorizations;

27        (e)     Whether DEFENDANT's violations of the FCRA were willful;

28        (f)     The proper measure of statutory damages and punitive damages;

1    and,

2         (g)    The proper form of injunctive and declaratory relief.

3    30.    This Class Action meets the statutory prerequisites for the maintenance of

4    a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

5         (a)    The persons who comprise the FCRA CLASS are so numerous that

6                the joinder of all such persons is impracticable and the disposition

7                of their claims as a class will benefit the parties and the Court;

8         (b)    Nearly all factual, legal, statutory, and declaratory relief issues that

9                are raised in this Complaint are common to the FCRA CLASS will

10               apply to every member of the FCRA CLASS;

11        (c)    The claims of the representative PLAINTIFFS are typical of the

12               claims of each member of the FCRA CLASS.  PLAINTIFFS, like all

13               the other members of the FCRA CLASS, had a credit report and

14               background check obtained on PLAINTIFFS' behalf by

15               DEFENDANT prior to obtaining valid authorization to do so in

16               violation of the FCRA as described herein.  PLAINTIFFS and the

17               members of the FCRA CLASS were and are similarly or identically

18               harmed by the same unlawful, deceptive, unfair and pervasive

19               misconduct engaged in by DEFENDANT; and,

20        (d)    The representative PLAINTIFFS will fairly and adequately represent

21               and protect the interest of the FCRA CLASS, and have retained

22               counsel who are competent and experienced in Class Action

23               litigation.  There are no material conflicts between the claims of the

24               representative PLAINTIFFS and the members of the FCRA CLASS

25               that would make class certification inappropriate.  Counsel for the

26               FCRA CLASS will vigorously assert the claims of all FCRA

27               CLASS members.

28    31.    In addition to meeting the statutory prerequisites to a Class Action, this

1    Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. §

2    382, in that:

    (a)    Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the FCRA CLASS will create the risk of:

        1)    Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS which would establish incompatible standards of conduct for the parties opposing the FCRA CLASS; and/or,

        2)    Adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    (b)    The parties opposing the FCRA CLASS have acted or refused to act on grounds generally applicable to the FCRA CLASS, making appropriate class-wide relief with respect to the FCRA CLASS as a whole; and

    (c)    Common questions of law and fact exist as to the members of the FCRA CLASS, with respect to the practices and violations of the FCRA as listed above, and predominate over any question affecting only individual FCRA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

        1)    The interests of the members of the FCRA CLASS in individually controlling the prosecution or defense of separate

actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual FCRA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B. Adjudications with respect to individual members of the FCRA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of

1  certification of this Action pursuant to Cal. Code of Civ. Proc.

2  § 382.

3    32.   This Court should permit this Action to be maintained as a Class Action

4  pursuant to Cal. Code of Civ. Proc. § 382, because:

5    (a)  The questions of law and fact common to the FCRA CLASS

6        predominate over any question affecting only individual FCRA

7        CLASS Members because DEFENDANT's employment practices

8        were applied with respect to the FCRA CLASS;

9    (b)  A Class Action is superior to any other available method for the fair

10       and efficient adjudication of the claims of the members of the FCRA

11       CLASS because in the context of employment litigation a

12       substantial number of individual FCRA CLASS Members will avoid

13       asserting their rights individually out of fear of retaliation or adverse

14       impact on their employment;

15   (c)  The members of the FCRA CLASS are so numerous that it is

16       impractical to bring all members of the FCRA CLASS before the

17       Court;

18   (d)  PLAINTIFFS, and the other FCRA CLASS Members, will not be

19       able to obtain effective and economic legal redress unless the action

20       is maintained as a Class Action;

21   (e)  There is a community of interest in obtaining appropriate legal and

22       equitable relief for the acts of statutory violations and other

23       improprieties, and in obtaining adequate compensation for the

24       injuries which DEFENDANT's actions have inflicted upon the

25       FCRA CLASS;

26   (f)  There is a community of interest in ensuring that the combined

27       assets of DEFENDANT are sufficient to adequately compensate the

28

1    members of the CLASS for the injuries sustained;

2    (g)    DEFENDANT has acted or refused to act on grounds generally

3    applicable to the FCRA CLASS, thereby making final class-wide

4    relief appropriate with respect to the FCRA CLASS as a whole;

5    (h)    The members of the FCRA CLASS are readily ascertainable from

6    the business records of DEFENDANT; and,

7    (i)    Class treatment provides manageable judicial treatment calculated

8    to bring an efficient and rapid conclusion to all litigation of all

9    FCRA claims arising out of the conduct of DEFENDANT as to the

10    members of the FCRA CLASS.

11

12    **THE ICRAA CLASS**

13    33.    PLAINTIFFS bring the Third and Fourth Causes of Action pursuant to Cal.

14    Code of Civ. Proc. § 382, on behalf of a statewide California Class, defined as all

15    persons in California who executed DEFENDANT's standard background check

16    disclosure form that included extraneous information (the "ICRAA CLASS") at any

17    time during the period beginning five (5) years prior to the filing of this Complaint and

18    ending on the date as determined by the Court (the "ICRAA CLASS PERIOD").  To the

19    extent equitable tolling operates to toll claims by the ICRAA CLASS against

20    DEFENDANT, the ICRAA CLASS PERIOD should be adjusted accordingly.

21    34.    DEFENDANT, in violation of Investigative Consumer Reporting Agencies

22    Act Cal. Civ. Code § 1786, *et seq*., intentionally, knowingly, and wilfully, engaged in

23    a practice whereby DEFENDANT  unfairly, unlawfully, and deceptively instituted a

24    practice of obtaining consumer reports without valid authorization to do so.

25    35.    The ICRAA CLASS is so numerous that joinder of all ICRAA CLASS

26    Members is impracticable.

27    36.    DEFENDANT violated the rights of the ICRAA CLASS by:

28

(a)    Violating Investigative Consumer Reporting Agencies Act Cal. Civ. Code § 1786, *et seq*., by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that obtained credit reports  without first obtaining valid authorization consent form.

37.    Common questions of law and fact exist as to members of the ICRAA CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT required the ICRAA CLASS Members to sign a background check disclosure and authorization form;

(b)    Whether DEFENDANT's background check disclosure and authorization form complies with the Investigative Consumer Reporting Agencies Act Cal. Civ. Code § 1786, *et seq*.;

(c)    Whether DEFENDANT violated the ICRAA by including extraneous information in its background check disclosure and authorization form;

(d)    Whether DEFENDANT violated the ICRAA by procuring consumer report information based on invalid authorizations;

(e)    Whether DEFENDANT's violations of the ICRAA were willful;

(f)    The proper measure of statutory damages and punitive damages; and,

(g)    The proper form of injunctive and declaratory relief.

38.    This Class Action meets the statutory prerequisites for the maintenance of a Class  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the ICRAA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that

1    are raised in this Complaint are common to the ICRAA CLASS will

2    apply to every member of the ICRAA CLASS;

3    (c)    The claims of the representative PLAINTIFFS are typical of the

4    claims of each member of the ICRAA CLASS.  PLAINTIFFS, like

5    all the other members of the ICRAA CLASS, had a credit report and

6    background check obtained on PLAINTIFFS' behalf by

7    DEFENDANT prior to obtaining valid authorization to do so in

8    violation of the ICRAA as described herein.  PLAINTIFFS and the

9    members of the ICRAA CLASS were and are similarly or identically

10    harmed by the same unlawful, deceptive, unfair and pervasive

11    misconduct engaged in by DEFENDANT; and,

12    (d)    The representative PLAINTIFFS will fairly and adequately represent

13    and protect the interest of the ICRAA CLASS, and have retained

14    counsel who are competent and experienced in Class Action

15    litigation.  There are no material conflicts between the claims of the

16    representative PLAINTIFFS and the members of the ICRAA

17    CLASS that would make class certification inappropriate.  Counsel

18    for the ICRAA CLASS will vigorously assert the claims of all

19    ICRAA CLASS members.

20    39.    In addition to meeting the statutory prerequisites to a Class Action, this

21    Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. §

22    382, in that:

23    (a)    Without class certification and determination of declaratory,

24    statutory and other legal questions within the class format,

25    prosecution of separate actions by individual members of the

26    ICRAA CLASS will create the risk of:

27    1)    Inconsistent or varying adjudications with respect to

28

individual members of the ICRAA CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; and/or,

2)    Adjudication with respect to individual members of the ICRAA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the ICRAA CLASS have acted or refused to act on grounds generally applicable to the ICRAA CLASS, making appropriate class-wide relief with respect to the ICRAA CLASS as a whole; and

(c)    Common questions of law and fact exist as to the members of the ICRAA CLASS, with respect to the practices and violations of the ICRAA as listed above, and predominate over any question affecting only individual ICRAA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the ICRAA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual ICRAA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the ICRAA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B. Adjudications with respect to individual members of the ICRAA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of employment litigation because as a practical matter a substantial number of individual ICRAA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Cal. Code of Civ. Proc. § 382.

40. This Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, because:

(a) The questions of law and fact common to the ICRAA CLASS predominate over any question affecting only individual ICRAA CLASS Members because DEFENDANT's employment practices

were applied with respect to the ICRAA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the ICRAA CLASS because in the context of employment litigation a substantial number of individual ICRAA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the ICRAA CLASS are so numerous that it is impractical to bring all members of the ICRAA CLASS before the Court;

(d) PLAINTIFFS, and the other ICRAA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the ICRAA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the ICRAA CLASS, thereby making final class-wide relief appropriate with respect to the ICRAA CLASS as a whole;

(h) The members of the ICRAA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated

1    to bring an efficient and rapid conclusion to all litigation of all

2    ICRAA claims arising out of the conduct of DEFENDANT as to the

3    members of the ICRAA CLASS.

4

5                          **THE CCRAA CLASS**

6    41.    PLAINTIFFS bring the Third and Fourth Causes of Action pursuant to Cal.

7    Code of Civ. Proc. § 382, on behalf of a statewide Class, defined as all persons in

8    California who executed DEFENDANT's standard background check disclosure form

9    that were not provided a valid written notice compliant with the terms of Cal. Civ. Code

10   § 1785.20.5(a) (the "CCRAA CLASS") at any time during the period beginning seven

11   (7) years prior to the filing of this Complaint and ending on the date as determined by

12   the Court (the "CCRAA CLASS PERIOD").  To the extent equitable tolling operates

13   to toll claims by the  CCRAA CLASS against DEFENDANT, the CCRAA CLASS

14   PERIOD should be adjusted accordingly.

15   42.    DEFENDANT, in violation of the Consumer Credit Reporting Agencies

16   Act Cal. Civ. Code § 1785, *et seq.*, intentionally, knowingly, and wilfully, engaged in

17   a practice whereby DEFENDANT  unfairly, unlawfully, and deceptively instituted a

18   practice of obtaining consumer reports without valid authorization to do so.

19   43.    The CCRAA CLASS is so numerous that joinder of all CCRAA CLASS

20   Members is impracticable.

21   44.    DEFENDANT violated the rights of the CCRAA CLASS by:

22          (a)    Violating the Consumer Credit Reporting Agencies Act Cal. Civ.

23                 Code § 1785, *et seq.*, by unlawfully, unfairly and/or deceptively

24                 having in place company policies, practices and procedures that

25                 obtained credit reports on without first obtaining valid authorization

26                 consent form.

27   45.    Common questions of law and fact exist as to members of the CCRAA

28

CLASS, including, but not limited, to the following:

    (a)   Whether DEFENDANT required the CCRAA CLASS Members to sign a background check disclosure and authorization form;

    (b)   Whether DEFENDANT's background check disclosure and authorization form complies with the Consumer Credit Reporting Agencies Act Cal. Civ. Code § 1785, *et seq.*;

    (c)   Whether DEFENDANT violated the CCRAA by including additional state law notices in its background check disclosure and authorization form;

    (d)   Whether DEFENDANT violated the CCRAA by procuring consumer report information based on invalid authorizations;

    (e)   Whether DEFENDANT's violations of the CCRAA were willful;

    (f)   The proper measure of statutory damages and punitive damages; and,

    (g)   The proper form of injunctive and declaratory relief.

46.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)   The persons who comprise the CCRAA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)   Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CCRAA CLASS will apply to every member of the CCRAA CLASS;

    (c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CCRAA CLASS. PLAINTIFFS, like all the other members of the CCRAA CLASS, had a credit report

and background check obtained on PLAINTIFFS' behalf by DEFENDANT prior to obtaining valid authorization to do so in violation of the CCRAA as described herein. PLAINTIFFS and the members of the CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CCRAA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CCRAA CLASS that would make class certification inappropriate. Counsel for the CCRAA CLASS will vigorously assert the claims of all CCRAA CLASS members.

47.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CCRAA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CCRAA CLASS which would establish incompatible standards of conduct for the parties opposing the CCRAA CLASS; and/or,

2)   Adjudication with respect to individual members of the CCRAA CLASS which would as a practical matter be

dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CCRAA CLASS have acted or refused to act on grounds generally applicable to the CCRAA CLASS, making appropriate class-wide relief with respect to the CCRAA CLASS as a whole; and

(c)    Common questions of law and fact exist as to the members of the CCRAA CLASS, with respect to the practices and violations of the CCRAA as listed above, and predominate over any question affecting only individual CCRAA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CCRAA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CCRAA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CCRAA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or

B.    Adjudications with respect to individual members of the CCRAA CLASS would as a practical matter be

1    dispositive of the interests of the other members not

2    parties to the adjudication or substantially impair or

3    impede their ability to protect their interests;

4    3)    In the context of employment litigation because as a practical

5    matter a substantial number of individual CCRAA CLASS

6    Members will avoid asserting their legal rights out of fear of

7    retaliation by DEFENDANT, which may adversely affect an

8    individual's job with DEFENDANT or with a subsequent

9    employer, the Class Action is the only means to assert their

10    claims through a representative; and,

11    4)    A Class Action is superior to other available methods for the

12    fair and efficient adjudication of this litigation because class

13    treatment will obviate the need for unduly and unnecessary

14    duplicative litigation that is likely to result in the absence of

15    certification of this Action pursuant to Cal. Code of Civ. Proc.

16    § 382.

17    48.    This Court should permit this Action to be maintained as a Class Action

18    pursuant to Cal. Code of Civ. Proc. § 382, because:

19    (a)    The questions of law and fact common to the CCRAA CLASS

20    predominate over any question affecting only individual CCRAA

21    CLASS Members because DEFENDANT's employment practices

22    were applied with respect to the CCRAA CLASS;

23    (b)    A Class Action is superior to any other available method for the fair

24    and efficient adjudication of the claims of the members of the

25    CCRAA CLASS because in the context of employment litigation a

26    substantial number of individual CCRAA CLASS Members will

27    avoid asserting their rights individually out of fear of retaliation or

28    adverse impact on their employment;

(c)  The members of the CCRAA CLASS are so numerous that it is impractical to bring all members of the CCRAA CLASS before the Court;

(d)  PLAINTIFFS, and the other CCRAA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CCRAA CLASS;

(f)  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CCRAA CLASS for the injuries sustained;

(g)  DEFENDANT has acted or refused to act on grounds generally applicable to the CCRAA CLASS, thereby making final class-wide relief appropriate with respect to the CCRAA CLASS as a whole;

(h)  The members of the CCRAA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)  Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all CCRAA claims arising out of the conduct of DEFENDANT as to the members of the CCRAA CLASS.

## JURISDICTION AND VENUE

49.  This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFFS and similarly

situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382. The Court also has Jurisdiction under the FCRA. (15 U.S.C. §§ 1681n, 1681p.).

50.   Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CLASS.

## **FIRST CAUSE OF ACTION**

**For Failure to Make Proper Disclosure in Violation of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(i), *et seq.*]**

**(By PLAINTIFFS and the FCRA CLASS and Against All Defendants)**

51.   PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

52.   DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by including additional state law notices in the background check disclosure and authorization form that PLAINTIFFS and other FCRA CLASS Members were required to execute as a condition of employment with DEFENDANT.

53.   The violations of the FCRA were willful. DEFENDANT knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFFS and other CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(i).

54.   PLAINTIFFS and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

55.   PLAINTIFFS and FCRA CLASS Members are also entitled to punitive

1   damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

2       56.    PLAINTIFFS and FCRA CLASS Members are further entitled to recover

3   their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

4                    **SECOND CAUSE OF ACTION**

5   **For Failure to Obtain Proper Authorization in Violation of the FCRA**

6                 **[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

7   **(By PLAINTIFFS and the FCRA CLASS and Against All Defendants)**

8       57.    PLAINTIFFS, and the other members of the FCRA CLASS, reallege

9   and incorporate by this reference, as though fully set forth herein, the prior

10  paragraphs of this Complaint.

11      58.    DEFENDANT violated the FCRA by procuring consumer reports

12  relating to PLAINTIFFS and other FCRA CLASS Members without proper

13  authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

14      59.    The violations of the FCRA were willful.  DEFENDANT acted in

15  deliberate disregard of its obligations and the rights of PLAINTIFFS and other

16  FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

17      60.    PLAINTIFFS and the FCRA CLASS Members are entitled to statutory

18  damages of not less than $100 and not more than $1,000 for every violation of the

19  FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

20      61.    PLAINTIFFS and FCRA CLASS Members are also entitled to punitive

21  damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

22      62.    PLAINTIFFS and FCRA CLASS Members are further entitled to

23  recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

24  ///

25  ///

26  ///

27  ///

28

# **THIRD CAUSE OF ACTION**

**For Failure to Obtain Proper Authorization in Violation of the ICRAA**

**[Cal. Civ. Code § 1786 *et seq.*]**

**(By PLAINTIFFS and the ICRAA CLASS and Against All Defendants)**

63. PLAINTIFFS, and the other members of the ICRAA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

64. DEFENDANT is a "person" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

65. PLAINTIFFS and ICRAA CLASS members are "consumers" within the meaning of Section 1786.2(b) of the ICRAA because they are "individuals."

66. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

67. Thus, a background check qualifies as an investigative consumer report under the ICRAA.

68. Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes. . .the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

> (B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

>> (i) An investigative consumer report may be obtained.

>> (ii) The permissible purpose of the report is identified.

>> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

>> (iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the

investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identifies in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report (Emphasis added).

69.    As alleged above, because DEFENDANT's disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

70.    As described above, PLAINTIFFS allege that in evaluating their and other class members for employment, DEFENDANT procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

71.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

72.    Under the ICRAA, it is unlawful to procure or cause to be prepared, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

73.    By including the extraneous information, DEFENDANTS willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous

1  provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates
2  § 1786.16(a)(2)(B).

3      74.    Based upon facts that are likely to have evidentiary support after a
4  reasonable opportunity for investigation and discovery, PLAINTIFFS allege that
5  DEFENDANT has a policy and practice of failing to provide adequate written
6  disclosures to applicants and employees, before procuring background checks or causing
7  background checks to be procured, as described above. Pursuant to that policy and
8  practice, DEFENDANT procured background checks or caused background checks to
9  be procured for PLAINTIFFS and class members without first providing a written
10  disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

11     75.    DEFENDANT's conduct in violation of § 1786.16(a)(2)(B) of the ICRAA
12  was and is willful and/or grossly negligent. DEFENDANT acted in deliberate or
13  reckless disregard of their obligations and the rights of applicants and employees,
14  including PLAINTIFFS and class members. DEFENDANT's willful conduct is reflected
15  by, among other things, the following facts:

16          (A)    DEFENDANT is a large corporation with access to legal advice;
17          (B)    DEFENDANT required a purported authorization to perform credit
18                 and background checks in the process of employing the class
19                 members which, although defective, evidences DEFENDANT's
20                 awareness of and willful failure to follow the governing laws
21                 concerning such authorizations; and,
22          (C)    The plain language of the statute unambiguously indicates that
23                 inclusion of extraneous information in a disclosure form violates the
24                 disclosure and authorization requirements, and that the disclosure
25                 form must contain the name, address, phone number, and/or website
26                 address of the investigative consumer reporting agency conducting
27                 the investigation.

28     76.    As a result of DEFENDANT's illegal procurement of background reports

by way of their inadequate disclosures, as set forth above, PLAINTIFFS and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

77.    PLAINTIFFS, on behalf of themselves and all class members, seek all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

78.    In the alternative to PLAINTIFFS' allegation that these violations were willful or grossly negligent, PLAINTIFFS allege that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**For Failure to Make Proper Disclosures in Violation of the CCRAA**

**[Cal. Civ. Code § 1785 *et seq.*]**

**(By PLAINTIFFS and the CCRAA CLASS and Against All Defendants)**

79.    PLAINTIFFS, and the other members of the CCRAA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.    DEFENDANT is a "person" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

81.    PLAINTIFFS and CCRAA Class members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

82.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility: . . .(2) employment purposes. . . .

Thus, a credit report qualifies as a consumer credit report under the CCRAA.

83.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report. . . .***
(Emphasis added).

84.     As described above, PLAINTIFFS allege that in evaluating their and other class members for employment, DEFENDANT procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

85.     The disclosure provided by DEFENDANT does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated above.

86.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, PLAINTIFFS allege that DEFENDANT has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, DEFENDANT procured credit reports or caused credit reports to be procured for PLAINTIFFS and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

87.     DEFENDANT'S conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. DEFENDANT acted in deliberate and reckless disregard of their obligations and the rights of applicants and employees, including PLAINTIFFS and class members. DEFENDANT's willful conduct is reflected by, among other things, the following facts:

(A)     DEFENDANT is a large corporation with access to legal advice;

(B)     DEFENDANT required a purported authorization to perform credit checks in the process of employing class members which, although defective, evidences DEFENDANT's awareness of and willful

failure to follow the governing laws concerning such authorizations; and,

(C) The plain language of the statute unambiguously indicate that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

88. As a result of DEFENDANT's illegal procurement of credit reports by way of their inadequate notice, as set forth above, PLAINTIFFS and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

89. PLAINTIFFS, on behalf of themselves and all class members, seek all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

90. In the alternative to PLAINTIFFS' allegation that these violations were willful, PLAINTIFFS allege that the violations were negligent and seek the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFFS and the FRCA CLASS, ICRAA CLASS & CCRAA CLASS and Against All Defendants)

91. PLAINTIFFS, and the other members of the FCRA CLASS, ICRAA CLASS and CCRAA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.   The Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

93.   Further, Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

94.   Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

95.   PLAINTIFFS and members of the FCRA, ICRAA, and CCRAA Class, re-allege and incorporates by reference the First, Second, Third, and Fourth causes of action herein.

96.   PLAINTIFFS lost money or property as a result of the aforementioned unfair competition.

97.   DEFENDANT has, or may have, acquired money by means of unfair competition.

98.   DEFENDANT has violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on PLAINTIFFS and other prospective, current, and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

99.   The unlawful conduct of DEFENDANT alleged herein amounts to an constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*. Further, Business and Professions Code section 17200, *et seq*., protects against unfair competition and allow a person who has suffered an injury-in-fact

and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

100.    PLAINTIFFS are informed and believe that other similarly situated persons have been subject to the same unlawful policies or practices of DEFENDANT.

101.    Due to its unfair and unlawful practices in violation of federal and California laws alleged herein, DEFENDANT has gained a competitive advantage over other comparable companies doing business in the state of California that comply with their legal obligations.

102.    Pursuant to Business and Professions Code section 17203, PLAINTIFFS, on behalf of themselves and the other members of the FCRA, ICRAA, and CCRAA Class, seek declaratory relief and restitution of all monies rightfully belonging to them that did not get paid to them or otherwise retained as a means of its unlawful and unfair business practices.

103.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or common fund doctrine, PLAINTIFFS and the other members of the FCRA, ICRAA, and CCRAA Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

///
///
///
///
///
///
///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the FCRA CLASS:

   A) That the Court certify the First and Second Causes of Action asserted by the  CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

   B) A determination and judgment that DEFENDANT willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by improperly including additional state law notices in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFFS and CLASS Members without having proper authorization to do so;

   C) Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFFS and the members of the CLASS in an amount equal to $1,000 for PLAINTIFFS and each CLASS Member for DEFENDANT's willful violation of the FCRA;

   D) Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFFS and other CLASS Members;

   E) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   F) Such other and further relief as the Court deems just and equitable.

2. On behalf of the ICRAA CLASS and CCRAA CLASS:

   A) That the Court certify the Third and Fourth Causes of Action asserted by the ICRAA CLASS and CCRAA CLASS as a Class Action pursuant to Cal. Code. Of Civ. Proc. § 382;

   B) Statutory penalties;

   C) Civil penalties;

   D) Punitive damages;

   E) Injunctive relief;

F)   Costs of suit;

G)   Interest;

H)   Restitution;

I)   Reasonable attorneys' fees; and,

J)   Such other relief as the Court deems just and proper.

3.   On all claims:

A)   Such other and further relief as the Court deems just and equitable.


Dated: March 1 , 2021              BLUMENTHAL NORDREHAUG BHOWMIK DE
                                   BLOUW LLP


                                   By: _/s/ Norman B. Blumenthal_____

                                        Norman B. Blumenthal
                                        Attorneys for Plaintiffs

1

## **<u>DEMAND FOR A JURY TRIAL</u>**

2

PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4

Dated: March 1, 2021        BLUMENTHAL NORDREHAUG BHOWMIK DE
                            BLOUW LLP

5

6

By:   */s/ Norman B. Blumenthal*

7

Norman B. Blumenthal
Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28