1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

14
15
16

ANGELIQUE SINGLETARY, an individual, on behalf of herself and on behalf of all persons similarly situated,

17

Plaintiffs,

18
19

v.

20
21
22
23

G6 HOSPITALITY LLC, a Limited Liability Company; MOTEL 6 OPERATING L.P., a Limited Partnership; and Does 1 through 50, Inclusive, et al.,

24

Defendants.

CASE NO. **3:20-cv-0270-LAB-AHG**

Assigned to: Hon. Larry A. Burns

**ORDER:**

**(1)   GRANTING PRELIMINARY APPROVAL OF SETTLEMENT;**

**(2)   APPROVING CLASS NOTICE;**

**(3)   APPOINTING SETTLEMENT ADMINISTRATOR;  AND**

**(4)   SCHEDULING FINAL APPROVAL HEARING**

25
26
27
28

On June 14, 2021, a hearing was held on the motion of Plaintiffs Angelique Singletary and Iyana Blackwell ("Plaintiffs") for preliminary approval of the parties' proposed settlement ("Settlement") with Defendants G6 Hospitality LLC and Motel 6 Operating L.P. LLC ("Defendants"), approval of the notice to be sent to the class about the settlement, and the setting of a date for the hearing on final approval of the settlement.

The Court has read and considered the papers on the motion, the June 25, 2021 Affidavit in Support of the Motion, the July 8, 2021 Response to the Court's Order to Show Cause, the arguments of counsel, and the law. It **ORDERS:**

**IT IS ORDERED:**

1.      This Order incorporates the defined terms in the Class Action Settlement Agreement (the "Agreement") (Declaration of Kyle Nordrehaug, Exh. #1). The Gross Settlement Amount to be paid by Defendants is One Million Three Hundred Ninety-Seven Thousand Five Hundred Seventy Dollars ($1,397,570).

2.      Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), the Defendants caused the mailing of the CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides at the time of CAFA Notice according to Defendants' records and as updated following a National Change of Address search. Accordingly, the Court finds that Defendants has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

3.      Pursuant to the Agreement and its subsequent amendments, the Class is defined as "all individuals who applied to work for either defendant G6 Hospitality LLC and/or defendant Motel 6 Operating L.P. and submitted one of Defendants' background check forms that were allegedly defective because the form contained information for multiple states and for whom background checks were run by Defendants or on Defendants' behalf in the United States during the Class Period. The Class specifically excludes individuals who applied to work for

- 1 -

Defendants and underwent no background check in connection with their application or who underwent a wholly unrelated background check during the Class Period." The Court finds for settlement purposes only that this Class satisfies the requirements of Fed. R. Civ. Proc. 23 in that: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the members of the Class with respect to the subject matter of the litigation; (c) the claims of the named plaintiffs are typical of the claims of the members of the Class; (d) the Class Representatives will fairly and adequately protect the interests of the members of the Class; (e) a class action is superior to other available methods for the efficient adjudication of this controversy; and (f) counsel for the Class is qualified to act as counsel for Class.

4.     The parties' Agreement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. Continued litigation would have been expensive for both sides. The Parties acknowledge that litigating and trying this action may have resulted in delay of any recovery, involved significant risk as to liability and certification, and led to possible appeals. Class Counsel received the relevant information for the Class. Plaintiffs have adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement.

5.     The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. The Parties' proposed Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice"), attached to the Agreement as Exhibit A, sufficiently

- 2 -

informs Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore is approved.

6.     Any Class Member who does not submit a valid request for exclusion will be deemed a Participating Class Member and will be entitled to receive a Settlement Share based upon the allocation formula in the Agreement.

7.     Any Class Member who wishes to comment on or object to the Settlement, the attorneys' fees and costs, and/or the proposed Class Representative Service Payments, or who elects not to participate in the Settlement, has until 45 days after the mailing of the Class Notice to submit his or her written comment, objection, or request for exclusion in Settlement pursuant to the procedures set forth in the Class Notice. Class Counsel must file their application for the attorneys' fees and costs no later than 14 days prior to the end of the objection period, and the application will be heard at the Final Approval Hearing.

8.     KCC, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement. Norman B. Blumenthal, Kyle R. Nordrehaug, and Aparajit Bhowmik of Blumenthal Nordrehaug Bhowmik De Blouw LLP, Eric B. Kingsley and Kelsey M. Szamet of Kingsley & Kingsley, APC, Emil Davtyan of Davtyan Professional Law Corporation, and Shani O. Zakay of Zakay Law Group are approved as Class Counsel and the Plaintiffs are approved as the representatives of the Class.

9.     Defendant is directed to provide the Settlement Administrator with the Class Data for each Class Member as specified by the Agreement no later than fourteen (14) days after the date of entry of this order. Pursuant to the terms set forth in the Agreement, the Class Data, its contents and any files containing Class

- 3 -

Data shall remain confidential and will not be disclosed to anyone except as set forth in the Agreement.

10.    The Class Notice attached as Exhibit A to the Agreement is approved. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members at their last known address no later than 14 days after receipt of the Class Data. The Settlement Administrator will also email the Class Notice Packets to Class Member email addresses included with the Class Data.

11.    A Final Approval Hearing will be held on **October 18, 2021 at 11:30 a.m.** in Courtroom 14A, to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement and will consider the request for approval of attorneys' fees and costs and for approval of the Class Representative Service Payments. Class Members and their counsel may support or oppose the Settlement and the motion for an award of attorneys' fees and costs and the Class Representative Service Payments, if they so desire, as set forth in the Class Notice.

12.    Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement, or object to the motion for an award of attorneys' fees and costs and the service award. For any written comments or objections to be considered at the hearing, the Class Member must submit the written objections to the Settlement Administrator in compliance with the instructions in the Class Notice and describe the nature of the Class Member's comments, support or objection. Written comments or objections to the Settlement or to the attorneys' fees and costs must be postmarked no later than 60 days after mailing of the Class Notice.

/ / /

/ / /

- 4 -

13.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

DATED: July 20, 2021

Hon. Larry Alan Burns
United States District Judge

- 5 -