1  BLUMENTHAL NORDREHAUG BHOWMIK
   DE BLOUW LLP
2    Norman B. Blumenthal (State Bar #068687)
     Kyle R. Nordrehaug (State Bar #205975)
3    Aparajit Bhowmik (State Bar #248066)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232

6  KINGSLEY & KINGSLEY, APC
     Eric B. Kingsley, Esq. (State Bar #185123)
7    Kelsey M. Szamet, Esq. (State Bar #260264)
   16133 Ventura Blvd., Suite 1200
8  Encino, CA 91436
   Telephone: (818) 990-8300
9  Facsimile: (818) 990-2903

10

   Attorneys for Plaintiffs
11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  ANGELIQUE SINGLETARY, an            Case No.  3:20-cv-0270-LAB-AHG
    individual, on behalf of herself and on
    behalf of all persons similarly situated,    CLASS ACTION
16
            Plaintiffs,               **DECLARATION OF SHARON HOWARD
17                                    RE: NOTICE PROCEDURES**

    v.
18
    G6 HOSPITALITY LLC, a Limited       Hearing Date: January 18, 2022
19  Liability Company; MOTEL 6          Hearing Time: 11:30 a.m.
    OPERATING L.P., a Limited Partnership;
20  and Does 1 through 50, Inclusive, et al.,    District Judge: Hon. Larry A. Burns
                                      James M. Carter and Judith N. Keep United
21          Defendants.               States Courthouse
                                      Courtroom 14A
22

23

24  I, Sharon Howard, declare as follows:

25      1.      I am employed as a Case Manager by KCC, the Court-appointed settlement administrator.

26  I am authorized to make this declaration on behalf of KCC. As the Case Manager for this settlement, I have

27  personal knowledge of the information provided herein, and if called as a witness, I could and would

28  accurately testify thereto.

                                      1

**CLASS LIST**

2.    On August 4, 2021, KCC received from Defendant a list of 14,833 records identified as the Class List.  The Class List included names, addresses, e-mail addresses, and phone numbers.  KCC formatted the list for mailing purposes, removed duplicate records, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS").

**MAILED NOTICE**

3.    On September 30, 2021, KCC caused the Postcard Notice (the "Notice") to be printed and mailed to the 14,082 unique names and mailing addresses in the Class List.  A true and correct copy of the Notice is attached hereto as Exhibit A.

4.    On September 30, 2021, KCC emailed the Notice to 11,625 class members for whom KCC had a valid email addresses.

5.    Since mailing the Notices to the Class Members according to the mailing addresses from the Class List that had been run through the National Change of Address Database, KCC has received 596 Notices returned by the USPS with undeliverable addresses.  KCC utilized the services of an identity verification vendor, PacificEast Research Associates, to perform address searches for these undeliverable Notices, who were able to locate updated addresses for 3 Class Members.

**TOLL-FREE TELEPHONE NUMBER**

6.    On or before September 30, 2021, KCC established a toll-free telephone number dedicated to answering telephone inquiries from Class Members.

**REQUEST FOR EXCLUSION FROM CLASS**

7.    The postmark deadline for Class Members to request to be excluded from the class was November 29, 2021.  As of the date of this declaration, KCC has received four timely requests for exclusion from Waldina Franklin, John Edward Zberg, Fernando Giron, and Michael Blevins.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OBJECTIONS TO THE SETTLEMENT**

8.      The deadline for Class Members to object to the settlement was November 29, 2021.  As of the date of this declaration, KCC has received no objections to the settlement.

**PRELIMINARY SETTLEMENT AWARD CALCULATIONS**

9.      KCC has preliminarily calculated the Class Member settlement awards. These calculations are based on the assumptions that the gross settlement amount is $1,397,570.00, and from that amount, deductions are made for: (a) attorneys' fees ($349,392.50); (b) attorneys' costs ($15,000.00); (c) any class representative incentive award ($10,000.00); (d) administration costs ($84,277.00); The remaining amount ($938,900.50 the "Net Settlement Fund") will be allocated pursuant to the terms of the settlement to those Class Members preliminarily approved for payment.  The average payout is $63.29; the maximum is $316.49.

10.      Should the Court-awarded fees or costs differ than those shown above, or if the list of Class Members approved for payment and/or their class data changes, the estimated award allocation calculations will change accordingly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 13th day of January 2022 at Louisville, Kentucky.

*Sharon Howard*

_____

SHARON HOWARD

3

# EXHIBIT A

*Singletary v. G6 Hospitality LLC* **Settlement Administrator**
P.O. Box 43434
Providence, RI 02940-3434

## G6S

 barcode »

«BARCODE»
Postal Service: Please do not mark barcode

G6S «Claim Number»
«FIRST1» «LAST1»
«ADDRESS LINE 1» «ADDRESS LINE 2»
«CITY», «STATE»«PROVINCE» «POSTALCODE»
«COUNTRY»

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING DATE FOR FINAL COURT APPROVAL**

*(Singletary v. G6 Hospitality LLC,* **United States District Court, Southern District of California Case No. 3:20-cv-00270)**

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**
**PLEASE READ THIS NOTICE CAREFULLY.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing and Receive a Payment** | To receive a cash payment from the Settlement, you do **not** have to do anything. <br><br> **Your estimated Settlement Share is: $<<EstSet>>. See the explanation in Section 5 below.** <br><br> After final approval by the Court, the payment will be mailed to you at the same address as this Notice. In exchange for the settlement payment, you will release claims against the Defendants as detailed in Section 4 below. If your address has changed, you must notify the Settlement Administrator as explained in Section 6 below. |
| **Exclude Yourself** | To exclude yourself, you must send a written request for exclusion to the Settlement Administrator as provided below. **If you request exclusion, you will receive no money from the Settlement and you will not be a Class Member**. <br><br> Instructions are set forth in Section 7 below. |
| **Object** | Write to the Court about why you do not agree with the Settlement or appear at the Final Approval Hearing to make an oral objection. <br><br> Directions are provided in Section 8 below. |

| 1. | Why did I get this Notice? |
|---|---|

A proposed class action settlement (the "Settlement") of the above-captioned action pending in the United States District Court for the Southern District of California (the "Court") has been reached between Plaintiffs Angelique Singletary and Iyana Blackwell ("Plaintiffs") and Defendants G6 Hospitality LLC and Motel 6 Operating L.P. ("Defendants") and has been granted preliminary approval by the Court. You may be entitled to receive money from this Settlement.

**You have received this Class Notice because you have been identified as a member of the Class, which is defined as:**

All individuals who applied to work for either Defendant G6 Hospitality LLC and/or Defendant Motel 6 Operating L.P. and submitted one of Defendants' background check forms that were allegedly defective because the form contained information for multiple states and for whom background checks were run by Defendants or on Defendants' behalf in the United States during the Class Period. The Class specifically excludes individuals who applied to work for Defendants and underwent no background check in connection with their application or who underwent a wholly unrelated background check during the Class Period.

The "Class Period" is December 10, 2017 to May 3, 2020.

This Class Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Class Notice carefully as your rights may be affected by the Settlement.

| 2. | **What is this class action lawsuit about?** |
|---|---|

On September 12, 2019, Plaintiff Iyana Blackwell filed a class action Complaint against Defendant G6 Hospitality LLC in the United States District Court, Eastern District of California ("*Blackwell* Action"). Plaintiff Iyana Blackwell asserted claims for: (i) Violation of the Fair Credit Reporting Act (FCRA) for failure to make proper disclosures (15 U.S.C. § 1681(b)(2)(A)(i)); and, (ii) Violation of the Fair Credit Reporting Act for failure to obtain proper authorization (15 U.S.C. § 1681b(b)(2)(A)(ii)). On November 8, 2019, Defendant G6 Hospitality LLC filed a general denial along with 14 affirmative defenses to the complaint filed by Plaintiff Iyana Blackwell.

On December 10, 2019, Plaintiff Angelique Singletary filed a Complaint against Defendants in the Superior Court of the State of California, County of San Diego ("*Singletary* Action"). Plaintiff Angelique Singletary asserted claims against Defendants for: (i) Violation of the Fair Credit Reporting Act (FCRA) for failure to make proper disclosures (15 U.S.C. § 1681, et seq.); (ii) Violation of the Fair Credit Reporting Act for failure to obtain proper authorization (15 U.S.C. § 1681, et seq.); (iii) Violation of the Investigative Consumer Reporting Agencies Act for Failure to Make Proper Disclosures (California Civil Code § 1786, et seq.); (iv) Violation of the Consumer Credit Reporting Agencies Act for Failure to Obtain Proper Disclosures (California Civil Code § 1785, et seq.); and (v) Unfair Competition in Violation of California Business & Professions Code §§ 17200. On February 12, 2020, Defendants filed a general denial along with 17 affirmative defenses to the complaint filed by Plaintiff Angelique Singletary. On February 13, 2020, Defendants removed the action filed by Plaintiff Angelique Singletary to federal court in the United States District Court, Southern District of California.

On March 2, 2021, the Plaintiffs amended the complaint in the *Singletary* Action to include Iyana Blackwell as a named plaintiff. Collectively, the *Singletary* Action and the *Blackwell* Action are referred to as the "Actions."

Defendants deny and dispute all such claims. Specifically, Defendants contend that Defendants complied with the law; that Defendants' authorizations for background checks disclosures complied with California and Federal laws; and that this Action cannot be maintained as a class action.

The Court granted preliminary approval of the Settlement on July 20, 2021. At that time, the Court also preliminarily approved the Plaintiffs to serve as the Class Representatives, and the law firms Blumenthal Nordrehaug Bhowmik De Blouw LLP, Zakay Law Group, Kingsley & Kingsley, APC, and Davtyan Professional Law Corporation to serve as Class Counsel.

| 3. | **What are the terms of the Settlement?** |
|---|---|

Gross Settlement Amount. Defendants have agreed to pay an "all-in" amount of One Million Three Hundred Ninety-Seven Thousand Five Hundred Seventy Dollars ($1,397,570) (the "Gross Settlement Amount") to fund the settlement of the Actions. The Gross Settlement Amount includes all payments of Settlement Shares to Class Members contemplated by the Settlement, the Settlement Administration Expenses, the Class Representative Service Payments, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment. The entirety of the Gross Settlement Amount will be disbursed. No amount of the Gross Settlement Amount will revert to Defendants for any reason.

Defendants shall fund the Gross Settlement Amount within fifteen (15) days of the Effective Date. The Effective Date is the date 15 days after the Judgment, or if there are objections or an appeal, then the date the Judgment is final and is no longer subject to appeal. Within fourteen (14) days after Defendants fund the Gross Settlement Amount, the Settlement Administrator shall pay all Settlement Shares to Participating Class Members and all other payments under this Settlement.

Amounts to be Paid from the Gross Settlement Amount. The Settlement provides for certain payments to be made from the Gross Settlement Amount as follows, which will be subject to final Court approval, and which will be deducted from the Gross Settlement Amount before Settlement Shares are made to Class Members who do not request exclusion ("Participating Class Members"):

- Settlement Administration Expenses. Payment to the Settlement Administrator, estimated not to exceed $85,000, for expenses, including without limitation expenses of notifying the Class Members of the Settlement, processing opt-outs, distributing Settlement Shares and tax forms, and handling inquiries and uncashed checks.

- Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. Payment to Class Counsel of reasonable attorneys' fees not to exceed one-third (1/3) of the Gross Settlement Amount, which is presently $465,856, however, the Court's benchmark for fees is 25% which may mean the final fee award is lower than one-third unless there is justification for above 25%, and an additional amount to reimburse actual litigation costs incurred by the Plaintiffs not to exceed $15,000. Class Counsel has been prosecuting the Actions on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money) and has been paying all litigation costs and expenses.

- Class Representative Service Payments. Class Representative Service Payments in an amount not to exceed Five Thousand Dollars ($5,000) each to the Plaintiffs, or such lesser amount as may be approved by the Court, to compensate them for services on behalf of the Class in initiating and prosecuting the Actions, and for the risks they undertook.

Calculation of Payments to Class Members. After all of the payments of the Court-approved Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the Class Representative Service Payments, and the Settlement Administration Expenses are deducted from the Gross Settlement Amount, the remaining portion, called the "Net Settlement Amount," shall be distributed as Settlement Shares to the Class Members who do not opt out ("Participating Class Members"). The Net Settlement Amount is

estimated to be at least $821,714. The Settlement Share for each Participating Class Member will be calculated by: (a) dividing the Net Settlement Amount by the total number of background check reports run for all Participating Class Members; and (b) multiplying the result by the number of background check reports run for each Participating Class Member during the Class Period.

**If the Settlement is approved by the Court and you do not exclude yourself, you will automatically be mailed a check for your Settlement Share to the same address as this Class Notice. You do not have to do anything to receive a payment.** If your address has changed, you must contact the Settlement Administrator to inform them of your correct address to ensure you receive your payment.

Tax Matters. One hundred percent of each Participating Class Member's Settlement Share is in settlement of claims for alleged penalties/statutory damages under FCRA and not in compromise for any alleged wage loss. Accordingly, the amount shall not be subject to wage withholdings, and shall be reported on IRS Form 1099 as appropriate under applicable regulations. Neither Class Counsel nor Defendants' Counsel intend anything contained in this Class Notice to constitute advice regarding taxes or taxability. The tax issues for each Participating Class Member are unique to him/her, and each Participating Class Member may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement and entering judgment.

| 4. | **What Do I Release Under the Settlement?** |
|---|---|

Released Class Claims. Upon entry of final Judgment, Participating Class Members shall fully release and forever discharge Defendants and the Released Parties of all claims alleged or that could have reasonably been alleged based on the facts in the operative complaints which occurred during the Class Period, including any claims related to background checks and any claims arising under the FCRA, CCRAA, ICCRAA, and expressly excluding all other claims, including claims for Labor Code violations, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and claims outside of the Class Period ("Released Class Claims").

This means that, if you do not timely exclude yourself from the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or any other Released Party about the legal issues resolved by this Settlement. It also means that all of the Court's orders in the Actions will apply to you and legally bind you.

| 5. | **How much will my payment be?** |
|---|---|

**Defendants' records reflect that there were <<NumberofBackgroundChecks>> background check reports run on you during the Class Period (December 10, 2017 to May 3, 2020). Based on this information, your estimated Settlement Share as a Class Member is <<EstSet>>.**

If you wish to challenge the information set forth above, then you must submit a written, signed dispute challenging the information along with supporting documents, to the Settlement Administrator at the address provided in this Class Notice postmarked no later than **November 29, 2021**.

| 6. | **How can I get a payment?** |
|---|---|

To get money from the Settlement, you do not have to do anything. A check for your Settlement Share will be mailed automatically to the same address as this Class Notice. If your address is incorrect or has changed, you must notify the Settlement Administrator. The Settlement Administrator is: *Singletary v. G6 Hospitality LLC* Settlement Administrator, P.O. Box 43434, Providence, RI 02940-3434, 1-866-331-7979.

The Court will hold a Final Approval Hearing on December 13, 2021 at 11:30 a.m. to decide whether to approve the Settlement. If the Court approves the Settlement and there are no objections or appeals, the first payment will be mailed approximately two months after this hearing. If there are objections or appeals, resolving them can take time, usually more than a year. Please be patient.

| 7. | **What if I don't want to be a part of the Settlement?** |
|---|---|

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will receive NO money from the Settlement, and you will not be bound by its terms, which means you will retain your right to sue the Defendants as to the issues resolved by this Settlement.**

To opt out, you must mail to the Settlement Administrator, by First-Class Mail, a written, signed and dated request to opt-out postmarked no later than **November 29, 2021**. The request to opt-out must be received by the Settlement Administrator and must state in substance that you wish to be excluded from the Class in the *Singletary v. G6 Hospitality LLC* lawsuit, and that if you ask to be excluded from the Class, you will not receive a settlement share from the settlement of the Actions. The request to opt-out must state the Class Member's full name, address, telephone number, the last four digits of their social security number for verification purposes, and the name and number of the case, which is *Singletary v. G6 Hospitality LLC,* U.S.D.C. Case No. 3:20-cv-00270. The request to opt out must be completed by you. No other person may opt-out for a living member of the Class.

The address for the Settlement Administrator is *Singletary v. G6 Hospitality LLC* Settlement Administrator, P.O. Box 43434, Providence, RI 02940-3434. Written requests for exclusion that are postmarked after **November 29, 2021**, or are incomplete or unsigned will be rejected, and those Class Members will remain bound by the Settlement and the release described above.

| 8. | How do I tell the Court that I don't agree with the Settlement? |
|---|---|

Any Class Member who has not opted out and believes that the Settlement should not be finally approved by the Court for any reason may object to the proposed Settlement, the attorneys' fees, the costs and/or the service awards, either in writing or in person. Objections that are in writing must state the Class Member's name, current address, telephone number, and describe why you believe the Settlement is unfair and whether you intend to appear at the Final Approval Hearing. All written objections or other correspondence must also state the name and number of the case, which is *Singletary v. G6 Hospitality LLC,* in the United States District Court, Southern District of California, Case No. 3:20-cv-00270.

All written objections must be mailed to the Settlement Administrator at *Singletary v. G6 Hospitality LLC* Settlement Administrator, P.O. Box 43434, Providence, RI 02940-3434 with copies to the Parties' counsel, postmarked no later than **November 29, 2021**.

Alternatively, Class Members may appear at the Final Approval Hearing on December 13, 2021 at 11:30 a.m. to make an oral objection without submitting a written objection. At this time, all hearings will be held remotely via video conference proceedings. If you need assistance with an appearance, you may contact Class Counsel. Please check the Court's website for current information concerning appearances and how to view Court proceedings: https://www.casd.uscourts.gov/covid19.aspx.

To object to the Settlement, you must not opt out, and if the Court approves the Settlement despite your objection, you will be bound by the terms of the Settlement in the same way as Class Members who do not object, and you will still be mailed your Settlement Share. Any Class Member who does not object in the manner provided in this Class Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

The addresses for Parties' counsel are as follows:

| **Class Counsel:** | | **Counsel for Defendants:** |
|---|---|---|
| Norman Blumenthal | Eric B. Kingsley | Steve L. Hernández |
| Kyle Nordrehaug | Kelsey M. Szamet | Ryan Estes |
| Blumenthal Nordrehaug Bhowmik De Blouw LLP | Kingsley & Kingsley, APC | DLA Piper LLP |
| 2255 Calle Clara | 16133 Ventura Blvd., Suite 1200 | 550 S. Hope St., Suite 2400 |
| La Jolla, CA 92037 | Encino, CA 91436 | Los Angeles, CA 90071 |
| Tel.: (858) 551-1223 / Fax: (858) 551-1232 | Tel.: (818) 990-8300 | Email: Steve.hernandez@us.dlapiper.com |
| Email: kyle@bamlawca.com | Email: eric@kingsleykingsley.com | Ryan.estes@us.dlapiper.com |
| Website: www.bamlawca.com | kelsey@kingsleykingsley.com | |

| 9. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing at 11:30 a.m. on December 13, 2021, in Courtroom 14A of the United States Courthouse located at 333 West Broadway, San Diego, CA 92101, before District Judge Larry Burns. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. The purpose of this hearing is for the Court to determine whether to grant final approval to the Settlement. If there are objections, the Court will consider them. This hearing may be rescheduled by the Court without further notice to you. **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing.

| 10. | How do I get more information about the Settlement? |
|---|---|

You may call the Settlement Administrator at 1-866-331-7979 or write to *Singletary v. G6 Hospitality LLC* Settlement Administrator, P.O. Box 43434, Providence, RI 02940-3434; or contact Class Counsel at (858) 551-1223.

This Class Notice summarizes the proposed Settlement. More details are available in the Settlement Agreement. You may receive a copy of the Settlement Agreement, the Judgment or other Settlement documents by going to Class Counsel's website at www.bamlawca.com under "Class Notices" for *Singletary v. G6 Hospitality LLC.* You may also get more details by examining the Court's file using PACER at https://www.casd.uscourts.gov/ and entering the Case No. 3:20-cv-00270, or by going to the Clerk's Office located at 333 West Broadway, Suite 420, San Diego, CA 92101, between 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE <u>DO NOT</u> CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THIS NOTICE.**

<u>IMPORTANT</u>:

- You must inform the Settlement Administrator of any change of address to ensure receipt of your settlement payment.

- Settlement checks will be null and void 180 days after issuance if not deposited or cashed. In such event, the Settlement Administrator will pay the funds from such uncashed checks to Public Counsel, the nation's largest not-for-profit law firm specializing in delivering pro bono legal services, and the Participating Class Member shall remain bound by the Settlement. If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.